SHULER, JR., Administrator, Respondent, v. AMERICAN BENEVOLENT ASSOCIATION, Appellant.

St. Louis Court of Appeals, June 4, 1908.

1. PRACTICE: Misconduct of Counsel: Timely Exception. The appellate court will not review objectionable remarks made by counsel in the trial of a case unless such misconduct of counsel was first called to the attention of the trial court and such court was given an opportunity to reprove counsel and refused to do so.

2. ———: Process: Corporate Name: Estoppel. Where an insurance company was incorporated under the name of "General Assembly of American Benevolent Association," and was sued under the name of the "American Benevolent Association," and where its policies of insurance were headed by the latter name, it was estopped to plead in abatement of the suit that it was served by the wrong name.

3. LIFE INSURANCE: Proofs of Death: Proof of Sickness. In an action on a life insurance policy which also provided for sick benefits, where the evidence showed a substantial compliance with the provision of the policy relating to notice of sickness and proofs of death, this was sufficient.

4. PRACTICE: Service of Process: Waiver. Where the return of summons was quashed on motion of the defendant, and the defendant then filed an amended answer in which he pleaded to the jurisdiction as well as to the merits, by so pleading to the merits it waived the want of jurisdiction.

5. INSURANCE: Conditions of Policy: "Disease Peculiar to Women." In an action on an insurance policy on the life of a woman, which provided that the policy should not extend to or cover diseases peculiar to women, the fact that the insured died of cancer would not invalidate the policy on account of the exception, because cancer attacks men as well as women, although the cancer in that case attacked an organ possessed by women only.

Appeal from Scotland Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED.

*Edwin S. Puller* and *Smoot, Boyd & Smoot* for appellant.

(1)   There was no legal service on defendant in this cause.   R. S. 1899, sec. 995, as amended by Mo. Sess. Acts 1903, p. 115.   (2)   The plea in abatement should have been sustained, as the defendant was not sued in its corporate name.   Hazek v. Benevolent Society, 66 Mo. App. 568.   This case is almost on all-fours and the court then held no valid judgment could be rendered.   The proper defendant must be brought before the court.   Thompson v. Allen, 86 Mo. 85.   Identity of name and of person are essential and every fact necessary to confer jurisdiction of person must affirmatively appear.   Vickery v. Railway, 93 Mo. App. 1. This case holds that styling defendant "railroad" when it should have been designated "railway" was sufficient to invalidate summons and render further proceedings null.   (3)   Defendant did not waive its issue raised by plea in abatement when it answered.   Jordon v. Railway, 105 Mo. App. 446.   This case cites 1 Cyc. 130, 136, and many other cases, including Johnson v. Detrick, 152 Mo. 243; Christian v. Williams, 111 Mo. 443.   In the case at bar the issues of the plea in abatement were restated in the answer.   (4)   Defendant had a right to insist that it be sued in its true name or not at all.   Fisher v. Northup, 7 L. R. A. 629.   See also 14 L. R. A. 690.   Also on misnomer 14 Cyc. 438. (5)   Where the policy provides that notice must be given or proofs of loss furnished within a certain time, or the claim shall not be valid against the insurer, the giving of the required notice, or making the necessary proofs is a condition precedent to a recovery

on the policy. No excuse for failure to give notice or proof was pleaded or proved. Clanton v. Protective Assn., 101 Mo. App. 312; Roberts v. Insurance Co., 94 Mo. App. 142; Columbia P. S. Co. v. Fid. & Cas. Co., 104 Mo. App. 157; McCullough v. Insurance Co., 113 Mo. 606; McFarland v. Insurance Co., 124 Mo. 204.

*N. M. Pettingill* and *J. M. Jayne* for respondent.

A defect in the service of a summons is waived by appearance and submission to trial of the cause upon its merits, notwithstanding a motion to dismiss because of such defect be first made and overruled. Karoski v. Railway Co., 77 Mo. 362.; R. S. 1899, sec. 672. The cases cited by appellant in its brief have no application to this case. In the cases that appellant cited, or those in which one corporation was sued, and there were attempts made to substitute as defendant other corporations, which had not been sued or brought into court by service of process, but in this case the proper party was sued and summons was served upon it. Please note the distinction. Hackett v. Van Frank, 119 Mo. App. 648.

STATEMENT.—The action is on a policy of health insurance issued by the American Benevolent Association of St. Louis, a fraternal benefit insurance organization doing business in this State. The petition is in the usual form. Defendant filed the following plea in abatement (omitting caption) duly verified by affidavit:

"Now this day comes the defendant and appearing for the purpose of this plea only says that plaintiff ought not to have nor maintain his action herein, because at the time of the commencement of said action, there was not, nor is there now, any such corporation as the American Benevolent Association named as defendant herein, but that the true name of said de-

fendant is The General Assembly of American Benevolent Association.

"Defendant further says there is no service in this cause on this defendant; that this defendant has never been summoned as required by law and plaintiff should not have or maintain this action for reasons herein alleged."

After the plea in abatement was filed the abstract recites: "Thereupon without passing upon said plea in abatement, the court ordered the consideration of said cause to proceed, to which action of the court the defendant at the time objected and excepted and now saves herein its exceptions. Whereupon defendant filed its answer, the first and second paragraphs of which are as follows:

"Now comes the defendant and says that it is not the American Benevolent Association, as shown by its plea in abatement; is not incorporated under that name, but that its true name is the General Assembly of American Benevolent Association; that it has never been summoned to court; that there is no service as required by law; and it appears in this cause solely because its plea in abatement has been denied and still insisting that there has been no service of process on it, and for further answer now comes defendant and for answer to plaintiff's petition denies each and every allegation therein contained.

"Defendant further says this court has no jurisdiction of this cause or the parties herein and has no jurisdiction of this defendant."

The third and fourth paragraphs of the answer are as follows:

"Further answering, defendant says that it is a fraternal beneficiary association organized and existing under the laws of the State of Missouri, and operates under a license issued by the Superintendent of

Insurance of Missouri as a fraternal beneficiary association.

"Defendant admits that it issued to Lizzie Cashman its certificate of membership or policy No. 29836, which is filed with plaintiff's petition, marked Exhibit 'A' and made a part thereof."

Following these paragraphs the answer pleads the provisions of paragraphs 3, 4, 6 and 7 of the policy as special defenses to the action. Paragraph 3 provides that insurance under the policy shall not extend to or cover diseases peculiar to women, and it is alleged that the sickness of the insured, Lizzie Cashman, was from a disease peculiar to women, to-wit, cancer of the womb. Paragraph 6, of the policy, provides as follows:

"Notice of any injury, sickness or death, for which claim is to be made under this certificate, shall be given in writing, addressed to the supreme president of the association, at St. Louis, Mo., with full particulars thereof. Failure to give such written notice within ten (10) days from the date of such injury, sickness or death, shall invalidate all claims under this certificate."

It is alleged in the answer that no notice of the sickness of the insured was given defendant, as required by this paragraph. Paragraph 7, of the policy, is as follows:

"It is agreed that no claim shall be valid against the association unless final proofs thereof upon blanks furnished by the association, sworn to by both the member and his attending physician, are received at the home office of the association in St. Louis, Mo., within one month from the date of the death of said member, or from the date the disability ceases for which indemnity is claimed, and that no legal proceedings shall be commenced against the association within three months after the receipt of final proofs by the associa-

tion at the home office, and it is agreed that all claims against the association upon this certificate shall be deemed to be waived and shall be invalid for any purpose unless an action thereon shall be commenced within six months after receipt of said final proof of claim."

The answer alleges as a defense, that no final proofs of the insured's sickness were ever made. A timely reply put at issue all the affirmative defenses pleaded in the answer. After the filing of the answer and reply, the abstract continues as follows:

"Thereupon the court ordered the jury called, to which action of the court the defendant at the time objected and excepted and now saves herein its exceptions. The defendant at the time protested and excepted to the court proceeding with said cause and protested and excepted to the court empanelling a jury, and now saves herein its exceptions to said action of the court.

"Thereupon the defendant refused to participate in empanelling a jury and the court ordered the clerk to call the first twelve names on his jury list and stated that these twelve should compose the jury, to which order and which actions of the court the defendant at the time objected and excepted and now saves herein its exceptions.

"Whereupon the plaintiff's attorney, John M. Jayne, proceeded to the statement of the case to the jury and in the course of his remarks used this language, in words as follows: 'I have sued the American Benevolent Association about a hundred times.' To which words and which statement the defendant at the time objected and excepted and now saves herein its exceptions.

"Whereupon the defendant refused to participate in the trial by making a statement and thereupon

the court ordered plaintiff to call its first witness which was done.

"Thereupon the defendant objected and excepted to the court receiving any evidence or permitting the introduction of any testimony or proceeding with the trial of said cause in any way, for the reason that there was no return to the summons issued in said cause as the original return had been quashed on motion and no alias writ issued and no amendment or supplementary return had been made; for the further reason that the plea in abatement and answer of defendant showed there was no such corporation as the American Benevolent Association, but that the true name of the corporation issuing the policy in question was the General Assembly of American Benevolent Association; for the further reason that the General Assembly of American Benevolent Association had never been summoned or served with process in said cause; for the reason that this court has no jurisdiction over the defendant; for the further reason that defendant is being forced into trial without the legal time and opportunity to make due preparation.

"The court stated that the objections would be overruled, as defendant had given notice and taken depositions in this cause and had filed same herein and consequently had appeared. To which action of the court in overruling said objections the defendant at the time objected and excepted and now saves herein its exceptions.

"Plaintiff introduced evidence tending to show that John Shuler was the legally appointed, qualified and acting administrator of the estate of Lizzie Cashman; that the said Lizzie Cashman departed this life on or about the 24th of November, 1904; that prior thereto she had been under the care of physicians for a period of more than six months prior to her death;

132 App—9

that during said time she had been almost continuously confined to her bed; that proof of death had been duly made on blanks furnished by the defendant and beneficiary's claim had in like manner been filed with the company; that said proof and claim had been filed in the early part of December, 1904; that deceased had paid all dues for which she was liable under said policy; that the policy was in full force and effect at the date of the death of said Lizzie Cashman; that for six months prior to her death she was practically incapacitated from any and all kinds of regular work or business. The policy in question, heretofore copied in the bill of exceptions as Exhibit 'A' attached to the plaintiff's petition, was introduced in evidence and read.    Doctors O. F. Pile and A. E. Platter testified as to the medical attention given deceased and that her illness and death was produced by carcinoma, or what is commonly called cancer of uterus or cancer of womb, and plaintiff introduced evidence to prove all the facts alleged in his petition.

"This was the substance of the evidence introduced by the plaintiff.

"Whereupon defendant's counsel offered an instruction in the nature of a demurrer to the evidence, to-wit:

" 'The court instructs the jury that under the law, the pleading and the evidence, the plaintiff cannot recover and the verdict of the jury should be for the defendant.'

"Which said demurrer was by the court overruled and refused, to which action of the court in refusing said instruction and in overruling and refusing said demurrer, the defendant at the time objected and excepted and now saves herein its exceptions."

Defendant introduced evidence showing that the sickness of the insured was caused from cancer of the womb, and also evidence tending to show that para-

graphs 6 and 7 of the contract of insurance have not been complied with.  At the close of all the evidence, defendant renewed its instruction in the nature of a demurrer to the evidence which the court again denied.

The court gave the following instruction for plaintiff:

"If you believe from the greater weight of the evidence that Lizzie Cashman on the fifth day of April, 1904, without delinquency on her part for ninety days immediately prior to the beginning of sickness, by reason of disease of cancer, became wholly incapacitated from transacting any and every kind of work and business and as a result thereof was entirely and continuously confined to her bed and under the charge and subject to the personal calls of a licensed physician for six months and one week from the said fifth day of April, 1904, then your verdict should be for the plaintiff for the sum of two hundred and forty-eight dollars with interest thereon from December 28, 1904, at the rate of six per cent per annum."

Defendant asked no instructions other than the two in the nature of a demurrer to the evidence.  The jury found the issues for plaintiff and assessed his damages at $250.  Timely motions for new trial and in arrest of judgment proving of no avail, defendant appealed to this court.

BLAND, P. J. (after stating the facts).—1.  The remark of plaintiff's counsel, "I have sued the American Benevolent Association about a hundred times," to which defendant's counsel objected and excepted, was out of place in the opening statement of the case and may have been prejudicial; but the abstract does not show that the court's attention was called to the remark and an opportunity thus afforded it to rebuke the offending counsel and withdraw the objectionable statement from the jury.  It is only exceptions to the

action or non-action of the court that an appellate court may review.    Objections to alleged misconduct, of counsel in the progress of the trial must first be called to the attention of the trial court, thus affording it an opportunity to reprove the offending counsel and withdrew the objectionable matter from the jury.    When this is done, if the trial court refuses to act, or acts improperly, such non-action or improper action becomes the subject of review on appeal, if excepted to, and in no other manner can misconduct of counsel in the trial of a cause be presented to an appellate court for review.

2.    Complaint is made that the trial court refused to consider the plea in abatement.    The matter pleaded in abatement is that defendant was not sued by its true corporate name and was never served with process of summons.    The plea alleged that the association was incorporated under the name of the General Assembly of American Benevolent Association.    The gentleman who made the affidavit to the plea, L. A. Cunningham, also signed the policy sued on as president of the Association.    The policy was filed with the petition; its execution was not denied but was admitted.    The policy is headed thus:

*"Incorporated Under the Laws of the State of Missouri.*
No. 29836.                                    Age 49 years.
THE AMERICAN BENEVOLENT ASSOCIATION.
*of St. Louis, Missouri."*

It may be the association is incorporated under the name and style of the General Assembly of Benevolent Association, but when it issues a policy in the name of the American Benevolent Association leaving off the prefix, General Assembly, and is sued by the name it gives itself in the policy, it would be a palpable fraud on the policy-holder to permit it to abate the suit by pleading the prefix.    On its own showing it was es-

topped to plead in abatement the matter which it pleaded and no harm was done defendant when the circuit court ignored the plea.

3. Defendant contends that paragraphs 3 and 6 were not complied with by plaintiff or the insured and for this reason its demurrer to the evidence should have been sustained. The petition alleges every fact essential to a recovery and that the insured and the plaintiff had complied with all the conditions of the policy, and the abstract recites that plaintiff offered evidence tending to prove all the allegations of the petition. This recital is an admission that plaintiff offered evidence tending to prove a compliance with the requirements of paragraphs 3 and 6, that is, that notice of the sickness was given as required and final proof also furnished the association. It also appears from the exhibits filed with the deposition of the supreme president of the association, that proofs of the sickness and the duration thereof were timely furnished with and included in the proofs of death. A strict compliance with paragraphs 6 and 7 of the laws of the association would require that notice and proofs of the sickness be made separately from proofs of death, but they were not ineffectual because made in connection with proofs of death. As made they furnished the association with notice and proof of the sickness, its durations and the name of the disease, and we think substantially complied with the contract. As this evidence was furnished by the defendant, the error in the instruction given by the court, ignoring the questions of notice and proof of sickness, was non-prejudicial to defendant.

4. Defendant moved the court to quash the sheriff's return to the summons. The court sustained the motion and quashed the return, but held that defendant had entered its appearance to the action by giving plaintiff notice to take depositions and by taking depo-

sitions on the notice. The defendant objected and excepted to this ruling and then filed an amended answer in which it pleaded want of jurisdiction and also to the merits. In Banker's Life Ass'n v. Shelton, 84 Mo. App. 634, it was held: "Where defendant appears in the circuit court and files its answer objecting to the jurisdiction with a plea to the merits, takes depositions and obtains a continuance on the merits, it waives the question of jurisdiction.". If it should be conceded (which we do not) that the taking of depositions by defendant, on notice served on the plaintiff, was not sufficient in itself to waive jurisdiction, yet when the defendant added to this action, its plea to the merits, we think it waived jurisdiction of the court over its person.

5. Defendant insists that the judgment should be reversed without remanding the cause for the reason the proof shows that the insured's sickness was caused by a disease peculiar to women—cancer of the womb. The disease itself was not shown and, in fact, could not have been shown to be peculiar to women for it is common knowledge that it attacks men as well as women, and the fact that it at times shows itself in an organ possessed by women and not by men does not make it a disease peculiar to women, for it could not be peculiar to women unless men are immune from its ravages, and we think the correct interpretation of the provision in the contract, exempting the association from liability for sickness caused by diseases peculiar to women, covers only such diseases as women have and from which men are immune.

No reversible error appearing, the judgment is affirmed. *Goode, J.,* concurs; *Nortoni, J.,* not sitting.