No. 3882

Second Circuit

———.

## SCOTT v. CONTINENTAL LIFE INS. CO.

———

(December 23, 1930. Opinion and Decree.)

———

H. W. Ayres, of Jonesboro, attorney for plaintiff, appellee.

W. J. Hammon, of Jonesboro, attorney for defendant, appellant.

WEBB, J. Defendant, Continental Life Insurance Company, issued to Bessie Scott, wife of H. G. Scott, a life, health and acci-dent policy, in which the maximum amount to be paid in event of death was $250, and the maximum monthly indemnity for dis-ability resulting either from accidental in-jury or sickness was $25.

Bessie Scott died of fibroma of the ute-rus, and H. G. Scott, who was made bene-ficiary under the policy in event of the death of the insured, made proof of death, and after complying with the formalities required by the policy, demanded payment of $250, which being refused, he instituted the present suit to enforce payment.

In answer defendant alleged that the insured died of a disease peculiar to wo-men, and that under the stipulations of the policy there was excepted from the risk assumed all diseases not common to both sexes.

On trial evidence was introduced rela-tive to whether or not fibroma of the uterus was a disease common to both sexes, and on the cause being submitted, judgment was rendered in favor of plain-tiff as demanded, and defendant appealed.

The policy is rather lengthy, being divid-ed into seventeen parts, many of which are subdivided into sections, under which there are various clauses, but our attention is especially directed to only a part of sec-tion (a), part XVII, under the head of "Special Provisions," which is quoted by counsel for appellant as follows: "There shall be no liability on the part of the Company * * * directly or indirectly, from injury to the genital organs, if the insured be a female, or sickness of, or any condition of organs peculiar to women"; and appellant urges that the evidence established that "death was caused by a disease that was not common to both sexes, or in other words, that death was caused by a disease peculiar to women," which was within the exception quoted.

While counsel does not state what would be his construction of the exception if the insured had been a man, we gather from his brief that it would not have been contended that the exception was applicable, and that the exception is applicable only when the insured is a woman, and then only when she dies of a disease peculiar to women.

Considering the exception from this point of view, it is of course conceded that an exception to the risk assumed should be construed strictly against the insurer (Cooley, volume 2, p. 981, volume 6, p. 5182, and authorities cited), and if the disease of which the insured died was one to which men are not immune, it cannot be said that the insured died of a disease peculiar to women. (Shuler v. Amer. Benev. Assn., 132 Mo. App. 123, 111 S. W. 618; National Life & Accident Ins Co. v. Waver (Tex. Civ. App.) 226 S. W. 754.)

Defendant carried the burden of proof to establish that the disease of which the insured died was peculiar to women, or that men were immune or not subject to the disease, but both of the physicians who were called as witnesses, stated that while fibroma of the uterus was a disease peculiar to women, as men did not have such an organ, they said that a fibromatus growth was a disease common to both sexes, often occurring in the stomach and various parts of the body of men, as well as of women, and that when the growth occurred in any particular organ, such word was used to designate the disease.

We are of the opinion that under the evidence introduced, defendant failed to establish that the disease of which the insured died was peculiar to women, and that the judgment was correct, and it is therefore affirmed, at appellant's cost.