## BUSINESS MEN'S ASSUR. ASS'N v. READ.

### No. 3798.

Court of Civil Appeals of Texas. Amarillo.
April 13, 1932.

Rehearing Denied June 1, 1932.

George C. King and Storey, Leak & Storey, all of Vernon, for appellant.

Berry, Warlick & Gossett, of Vernon, for appellee.

JACKSON, J.

The plaintiff, Katye Sue Read, instituted this suit in the county court of Wilbarger county, Tex., against the defendant, Business Men's Assurance Association, to recover the sum of $230, with 12 per cent. penalty and attorneys' fees, on a health insurance policy issued to the plaintiff by the defendant.

The plaintiff alleges that the policy sued on was valid and existing; that the premiums thereon had been paid according to the terms thereof; and that, among other things, under the subdivision of health indemnities, the policy stipulated, in effect, that, if sickness, directly and independently of all other causes, continuously confined the insured within doors and totally disabled her from performing any and every kind of duty pertaining to her occupation, the company would pay her at the rate of $80 per month while so disabled, not to exceed twelve consecutive months from the beginning of such sickness. That if the sickness did not confine the insured strictly within doors, but directly and independently of all other causes totally and continuously disabled her from performing any and every kind of duty pertaining to her occupation, the company would pay her at the rate of $40 per month while so disabled, not to exceed three consecutive months from the beginning of such sickness.

She alleges that she became ill on November 7, 1930, and because thereof suffered disability and absolute confinement within doors. which occasioned her a total loss of time until January 7, 1931; that from and after said last-named date she suffered continuous total loss of time from nonconfining sickness until March 2, 1931, and that such total loss of time was within the provisions of and covered by said policy. That such illness was partly occasioned by fibroid tumor, which necessitated her having an operation; that at the time of the operation it also became necessary to remove her appendix, which was found to be badly diseased and affected.

She alleges proper notice, the furnishing of proof of loss and disability, that a written demand was made upon the defendant in compliance with the law, and that it had failed and refused to pay her for such loss or any part thereof.

The defendant answered by general demurrer, numerous special exceptions, general denial, and specially denied liability under the policy, pleading as a defense a section of the policy which provided: "The health insurance under this policy does not cover * * * any disability * * * caused wholly or partly by a disease of organs of the body not common to both sexes." That plaintiff's disability was not within the terms of the policy because her illness and the operation was due to a fibroid tumor of the womb, which is a disease of the womb, an organ not common to both sexes. That no notice was given to defendant concerning the removal of plaintiff's appendix until after July 7, 1931, the date on which plaintiff's first amended original petition was filed, and denied liability for 12 per cent. interest and attorneys' fees, and pleaded other provisions of the policy constituting exceptions to liability which it is unnecessary to set out. It also alleged in a supplemental petition that the entire contract of the parties was contained in a copy thereof filed in the papers of the case.

In response to special issues submitted by the court, the jury found that the plaintiff, due to her confining sickness, suffered a total loss of 60 days, and, due to nonconfining sickness, suffered a total loss of 53 days.

Before these issues were submitted to the jury, it was agreed by the parties that the policy sued on was in full force and effect during the plaintiff's disability; that she became ill on November 7, 1930, and was totally disabled on such date, suffering from appendicitis and a fibroid tumor of the womb; that she was operated on on the 19th day of November, 1930; that the operation was necessitated by the diseased appendix and the fibroid tumor; and that the resulting disability was occasioned partly by appendicitis and partly by the removal of the fibroid tumor. That the defendant had due notice of the removal of the tumor and the disability occasioned thereby; that the removal of the tumor was necessary, and such operation alone would have occasioned all of plaintiff's disability; that due demand was made upon defendant more than 30 days before the institution of the suit for the payment of $215 in settlement of her claim for disability; that the defendant was not advised of the diseased condition of plaintiff's appendix until plaintiff's first amended original petition was filed July 17, 1931; that a reasonable attorney fee for plaintiff is the sum of $60; "that plaintiff's loss of time was from disability occasioned by the illness and operation alleged in her pleading, was fully covered by defendant's policy sued upon unless such coverage is excluded by the following language of defendant's policy, excluding recovery to insured suffering 'from disability caused * * * wholly or partly by diseases of the organs of the body not common to both

sexes.' That the womb is an organ of the body not common to both sexes," and that this provision presented a question of law to be determined by the court.

On the findings of the jury and the agreement of the parties, judgment was rendered that the plaintiff recover the sum of $230, with 12 per cent. penalty and attorney fees in the sum of $60, which aggregate the sum of $317.60 as the total judgment, from which the defendant prosecutes this appeal.

The appellant urges as error the action of the court in overruling its general demurrer and so-called special exception to plaintiff's petition for failing to contain sufficient allegations to authorize a recovery on the policy and show that plaintiff's illness did not come within the exceptions which defeated her right of recovery.

"The rule is that, in passing on a general demurrer to a petition, necessary allegations omitted from the petition, which are set forth in the answer, may be considered in passing upon the demurrer, and that the court may properly look to the pleadings of both parties and construe them together as a basis for its ruling. Hoffman et al. v. Magnolia Petroleum Co. (Tex. Com. App.) 273 S. W. 828; Pope v. Kansas City, M. & O. R. Co., 109 Tex. 311, 207 S. W. 514; Fry v. Barron (Tex. Civ. App.) 2 S.W.(2d) 288; Wilson v. Duncan (Tex. Civ. App.) 269 S. W. 239, and authorities cited." Tubb v. Fuhrman (Tex. Civ. App.) 9 S.W.(2d) 465, 467.

The allegations in appellee's petition, considered together with the allegations of appellant's answer, were sufficient to authorize the ruling of the court complained of, and these assignments are overruled.

The appellant challenges as error the action of the court in rendering judgment against it, because, under the provisions of the policy that the insurance thereunder did not cover "any disability caused * * * wholly or partly by a disease of organs of the body not common to both sexes" and the agreement that appellee was suffering from a fibroid tumor of the womb, and that the womb is an organ of the body not common to both sexes, the appellee was not entitled to recover.

The testimony is uncontroverted that a fibroid tumor is a diseased condition of an organ. This tumor can exist on any fibrous organ in either man or woman. Man can have a fibroid tumor of any organ which he has, but he could not have a fibroid tumor of the womb. That it is more common for women to have fibroid tumors, but men can have them.

"In case there is any ambiguity in the policy, the rule is that all provisions, conditions or exceptions which in any way tend to work a forfeiture of a policy or limit or defeat liability thereunder, should be construed most strongly against those for whose benefit they are inserted and most favorably toward those against whom they are meant to operate." 1 C. J. 414, § 38. International Travelers' Ass'n v. Votaw (Tex. Civ. App.) 197 S. W. 237.

"In the construction of insurance contracts, the language being selected and used by the insurer to express the terms and conditions upon which it was issued, the policy must be strictly construed against defendant, and liberally in favor of plaintiff." Thomas Inv. Co. v. Thompson (Tex. Civ. App.) 32 S.W.(2d) 708, 709.

An ambiguity is defined to be "an uncertainty of meaning or expression used in a written instrument; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful import." This definition is quoted with approval in San Antonio Life Ins. Co. v. Griffith (Tex. Civ. App.) 185 S. W. 335, 337.

A fibroid tumor is a disease common to both sexes, according to the undisputed testimony in this case. It was therefore a disease not peculiar to woman unless men were immune therefrom. National Life & Accident Ins. Co. v. Weaver (Tex. Civ. App.) 226 S. W. 754.

In Scott v. Continental Life Ins. Co., 15 La. App. 221, 131 So. 478, 479, in construing a policy with a somewhat similar exception, the court said: "Considering the exception from this point of view, it is of course conceded that an exception to the risk assumed should be construed strictly against the insurer (Cooley, vol. 2, p. 981, vol. 6, p. 5182 and authorities cited), and if the disease of which the insured died was one to which men are not immune, it cannot be said that the insured died of a disease peculiar to women. Shuler v. American Benevolent Ass'n, 132 Mo. App. 123, 111 S. W. 618: National Life & Accident Ins. Co. v. Weaver (Tex. Civ. App.) 226 S. W. 754."

Under these authorities we are constrained to hold that the appellee was entitled to recover under the facts disclosed by this record.

What we have said is sufficient to dispose of the errors urged by the appellant.

The judgment is affirmed.