MUTUAL BEN. HEALTH & ACCIDENT ASS'N *v.* BLAYLOCK.

(Division B.   Sept. 26, 1932.)

[143 So. 406.   No. 30109.]

C. E. Valentine, of Cleveland, for appellant.

W. W. Millsaps and Jno. T. Smith, both of Cleveland, for appellee.

**Jno. T. Smith,** of Cleveland, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Blaylock, brought suit against the appellant in the circuit court of Bolivar county for a disability benefit alleged to have accrued to him under the terms of a policy issued to him on the 13th day of September, 1928.

It was alleged that on January 1, 1929, and before the 1st day of April, 1929, premiums due on said policy had been paid, and that, during all times thereafter set forth, the policy was in full force; that he became ill in March, 1929, and on March 21, 1929, he entered the Kings'

Daughters Hospital at Greenville, Mississippi, where he remained totally disabled and under the care of physicians until April 2, 1929; that between said dates he was suffering from chronic ulcer, and that during all of said time he was totally disabled, and that he paid certain hospital bills; that the policy contracted to pay him benefits amounting to eighty dollars per month while under the care and treatment of a physician, and while so disabled, and that said insurance company became indebted to him in the sum of fifty-three dollars and fifteen cents to said date; that on the 26th day of May, 1929, while the policy was in force, and while suffering with chronic ulcer, according to the evidence he was totally disabled, and it was necessary for him to return to the hospital where he remained under the care of a physician until July 14, 1929, and that the defendant insurance company thus became indebted to him in the sum of two hundred eight dollars and thirty-one cents; that he returned to his home after being discharged from the hospital, and remained until the 30th day of October, 1929, during all of which time he was under the care and treatment of a physician, and by reason of this he was entitled, under the policy, to forty dollars; that the defendant insurance company is indebted to him in the full sum of three hundred one dollars and forty-five, for which this suit was brought.

The defendant insurance company filed a plea of general issue, and subsequently, by leave of the court, filed an additional plea of non est factum.

The plaintiff (Blaylock) attached to his declaration an alleged copy of the policy; but, at the trial, it appeared that the copy so attached was not an exact copy of the policy, and, on motion, the court below permitted the copy so attached to be amended to conform to the policy actually issued.

The defendant then moved the court to tax the plaintiff with the costs amounting to the sum of twenty-five dol-

lars, which the court refused to do, and the cause then proceeded to trial.

The plaintiff proved the execution and delivery of a policy, and his total disability and medical treatment, sustaining the allegations of the bill.

The policy contained a clause providing that a disease of organs not common to both sexes is not covered by the policy, that clause of the policy reading as follows: "This policy does not cover . . . disease of organs which are not common to both sexes."

There was no special plea setting up this clause in the policy, or any contention alleging that the disease was a disease not common to both sexes. Neither did the declaration make allegation specifically that all the terms and conditions of the policy to be performed on the part of the plaintiff had been performed; but the trial proceeded as though the pleading had been proper.

The report made to the company of the plaintiff, and the certificate of the physician, showed that one diagnosis was that the plaintiff was suffering from epithelioma of the penis; another physician who treated the plaintiff diagnosed the trouble as ferunclosis of penis. The location of the trouble was stated in the application for disability benefits to be on the pubis and penis, and the physician's certificate said that it was a benign epithelioma, and that it has spread from the beginning in both ways.

The final diagnosis that the trouble was granuloma ingunale was the result of a laboratory test made of matter taken from the boil or sore, and this reported to be a very rare skin disease, there being in 1929 only fifteen white, and about forty-five negro, cases in the United States. Therefore both diagnoses showed the disease to be a skin disease. The testimony of the physician at the trial showed that this disease was not common to the sexual organs of either sex, and was not a disease common to one sex alone, but was a disease of the skin which

could be contracted by any person on any part of the body.

We do not think there was error on the part of the court below in permitting the amendment. It was permitted by statute so as to bring the merits of the controversy to trial. We do not think there was any prejudicial harm done the defendant, or that any costs and expenses were particularly incurred by reason of the error in copying the policy to make it an exhibit to the bill. The matter of imposition of costs is discretionary with the trial courts, and we could not reverse the court for this reason.

The defendant contends that it should have had a peremptory instruction, because the proof shows that the disease appeared upon an organ of the body not common to both sexes, and that therefore it was not one of the disabilities insured against.

It is a familiar rule of construction of contracts, and especially insurance contracts, that they are construed most strongly against the party drafting the contract, and most favorably to the policyholder.

There is no dispute to the testimony of the physician testifying at the trial, stating that the plaintiff was suffering from a skin disease, which was not a disease of an organ not common to both sexes within the meaning of the terms of the policy.

We think the policy contemplated that the exception should be to a disease of an organ not common to both sexes, and that it did not contemplate a skin disease which could be contracted by any one, on any part of the body. A disease of the skin is not, within the meaning of the policy, a disease of the penis, the sexual organ of the plaintiff.

We think there is found sufficient authority for sustaining this contention in the case of Shuler v. American Benevolent Association, 132 Mo. App. 123, 111 S. W. 618, 621, wherein the association defended on the ground that

cancer of the womb was a disease peculiar to women, and the court said:

"The disease itself was not shown and, in fact could not have been shown, to be peculiar to women, for it is common knowledge that it attacks men as well as women, and the fact that it at times shows itself in an organ possessed by women and not by men does not make it a disease peculiar to women, for it could not be peculiar to women unless men are immune from its ravages, and we think the correct interpretation of the provision in the contract, exempting the association from liability for sickness caused by diseases peculiar to women, covers only such diseases as women have, and from which men are immune."

We find no reversible error in the judgment of the court below.

Affirmed.