Stewart, Appellee, *v.* The Hoosier Casualty Co., Appellant.

(Decided March 11, 1941.)

*Mr. Walter L. Barsky,* for appellee.
*Mr. Roland Pontius,* for appellant.

Phillips, J. Defendant, a corporation, appeals on questions of law from a judgment of the Municipal Court of Ashtabula, entered for the plaintiff at the close of her case in her action to recover for disability resulting from an operation for a fibroid tumor of the uterus performed upon her during the effective period of an "ordinary health and accident policy," issued to her, for a consideration, by defendant. Defendant disclaimed liability for this disability, under an illness indemnity exemption clause thereof, under which the claim was made, on the ground that plaintiff's disability resulted from a diseased organ not common to both sexes. The applicable part of that clause reads:

"Provided, that indemnity under this part shall not be paid for disability due directly or indirectly to venereal disease or to any illness or diseased organs not common to both sexes."

Plaintiff contends that the intent thereof was to, and

does, cover all diseases which are common to both sexes, even though such diseases may attack an organ not common to both sexes; and that the common disease and not the common organ affected is the controlling factor in the exemption clause. Plaintiff argues that, since the evidence discloses that fibroid tumors are common to both sexes, disability resulting from such disease through attacking an organ not common to both sexes is compensable under that provision.

We proceed to a discussion of the question presented upon the uncontradicted evidence that plaintiff's disability resulted from an operation for a fibroid tumor performed during the coverage period of the policy; and that the uterus is an organ not common to both sexes, but fibroid tumors are common to both sexes.

We believe that the words "or to any illness" were intended to, and must be read with the words "not common to both sexes" to convey the intended meaning that indemnity under this clause will not be paid for disability due directly or indirectly "to any illness not common to both sexes."

Plaintiff's disability resulted from an illness caused by a fibroid tumor, which is a disease, or illness, admittedly common to both sexes. Therefore, defendant is not exempt from payment of indemnity to her for disability under this clause, and we so hold. See, *Russell* v. *Fraternities Health & Accident Assn.*, 113 Me., 559, 92 A., 820; 29 Corpus Juris, 281, Section 7; *National Life & Accident Ins. Co.* v. *Weaver* (Tex. Civ. App.), 226 S.W., 754.

Construed otherwise the clause would convey the meaning that indemnity thereunder would not be paid for disability due directly or indirectly to any illness, which we believe was not the intent of this provision of "an ordinary health and accident policy" which we believe was intended to, and in our opinion does, cover disability due to all diseases which are common to both

sexes, though attacking an organ not common to both sexes.

Two members of this court are not inclined to disturb the finding and judgment of the lower court on the grounds that they are against the manifest weight of the evidence or contrary to law.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

CARTER, P. J., concurs.

NICHOLS, J., dissents.