EDITH M. THOMAS, Appellant, v. COLUMBIAN PROTECTIVE ASSOCIATION, Respondent.

Supreme Court, Appellate Term, First Department, November 10, 1948.

*John R. Maguire* for appellant.

*Eli T. Scott* for respondent.

HECHT, J. Action on defendant's health insurance policy to recover $100 for loss of time and earnings during plaintiff's illness, caused by a cyst which developed in her pelvic region, incapacitating her from the performance of all work for the period of four weeks.

As a defense it is alleged that part XIII of the policy provided that the insurance did not cover " for any loss caused by or contributed to by any disease, injury or condition not common to both sexes, nor for child birth, pregnancy, miscarriage or complications ", and that plaintiff seeks to recover for a loss caused by or contributed to by a disease or condition not common to both sexes.

It was admitted that plaintiff suffered from a cystoma in her left ovary. A cystoma is " A cystic tumor, a new growth containing cysts " (Stedman's Medical Dictionary). " A cyst and tumor, a tumor containing cysts of neoplastic origin, a cystic tumor " (Dorland, American Illustrated Medical Dictionary).

Defendant's counsel conceded on the trial that a tumor is common to both sexes. A cyst is " A bladder. * * * An abnormal sac containing gas, fluid, or semi-solid material " (Stedman's Medical Dictionary), " (bladder-Greek). Any sac, normal or other, especially one which contains a liquid or semi-solid " (Dorland, American Illustrated Medical Dictionary).

It seems clear that plaintiff's illness was common to both sexes.

That the disease affected an organ peculiar to the female sex does not make out a disease or condition not common to both sexes.

In *Shuler* v. *American Benevolent Assn.* (132 Mo. App. 123, 134) the court says: " Defendant insists that judgment should be reversed without remanding the cause for the reason the proof shows that the insured's sickness was caused by a disease peculiar to women — cancer of the womb. The disease itself was not shown and, in fact, could not have been shown to be peculiar to women for it is common knowledge that it attacks man as well as women, and the fact that it at times shows itself in an organ possessed by women and not by men does not make it a disease peculiar to women, for it could not be peculiar to women unless men are immune from its ravages, and we think the correct interpretation of the provision in the contract, exempting the association from liability for sickness caused by diseases peculiar to women, covers only such diseases as women have and from which men are immune."

In *Russell* v. *Fraternities Health & Accident Assn.* (113 Me. 559) plaintiff's disease was a cystic tumor in one of her ovaries, and the exclusion clause in the health policy read: " Benefits shall not be allowed for sickness or disease not common to both sexes."

The court in denying the motion for a new trial said: " The only question is whether such tumor was a sickness or disease not common to both sexes. Three medical witnesses testified that it was common to both sexes. The medical director of the defendant testified that it was not common to both sexes, but admitted that the male sex did have cystic tumors. The jury found, as they were authorized to do from the evidence, that the disease was one common to both sexes." (See, also, *Business Men's Assur. Assn.* v. *Read,* 48 S. W. 2d 678 [Tex.]; *Stewart* v. *Hoosier Casualty Co.,* 67 Ohio App. 509; *Mutual Benefit Health & Accident Assn.* v. *Blaylock,* 163 Miss. 567.)

To sustain the judgment respondent cites *Bartallotte* v. *Commercial Cas. Ins. Co.* (163 N. Y. S. 95), a decision of this court.

There the policy expressly excepted disability from any disease of the generative organs of any disease not common to both sexes, and it was held that it did not cover disability caused by prostatitis, which is a disease of the prostate gland, a generative organ, and not common to both sexes, although the infection causing such disease was a secondary infection from throat trouble; it being immaterial what caused the prostatitis; whether the causes were internal or external, hereditary or an incident of old age or early dissipation, for the exemption was as to disability resulting from such diseases. Here exemption was claimed for " any loss caused by or contributed to by any disease, injury or condition not common to both sexes, nor for child birth, pregnancy, miscarriage or complications ".

Judgment reversed, with $30 costs, and judgment directed for plaintiff for the amount demanded in the complaint, with costs.

PECORA and EDER, JJ., concur.

Judgment reversed, etc.