CRISMAN, APPELLEE, v. FIDELITY HEALTH & ACCIDENT MUTUAL INS. CO., APPELLANT.

(No. 4410—Decided January 16, 1950.)

Mr. Robert N. Zanville, for appellee.

Messrs. Shumaker, Loop, Kendrick & Winn, for appellant.

CARPENTER, J. A judgment for plaintiff, Emma J. Crisman, in an action based on a policy of health and accident insurance issued by defendant, Fidelity Health & Accident Mutual Insurance Company, was the occasion for this appeal on questions of law. The facts were undisputed. October 17, 1940, on application of plaintiff, defendant issued to her a health and accident policy. December 24, 1945, by riders, the insurance was extended to include additional hospital benefits, medical and surgical expense indemnity which were "subject to all other conditions and provisions of the policy contract."

One of the provisions of that policy, under the heading "Conditions not Covered," was:

"No benefits shall be payable in the event of death, disability, injury, or any other loss sustained while engaged in active military or naval service in time of war or from any act of war * * * nor disability caused

by, contributed to, or affecting organs not common to both sexes. * * *''

While this contract was in full force and effect on May 28, 1949, in Flower Hospital, Toledo, an abdominal operation was performed upon plaintiff, which the surgeon explained was ''a supracervical hysterectomy, meaning removal of the uterus'' in which had developed a benign fibroid tumor. At the same time, the surgeon also excised ''a number of parovarian cysts.''

The undisputed medical evidence was that the cause of fibroid tumors is unknown and that they ''affect organs of both sexes.''

The defendant contends that the *disability* experienced by the plaintiff was not covered under the policy provision quoted above, because it *affected* an ''organ not common to both sexes.''

The material and relevent words of the quoted provision of the policy read as follows:

''No benefits shall be payable in the event of * * * disability caused by, contributed to, or affecting organs not common to both sexes.''

Applying elementary school grammar to this language, it is obvious that the object of the preposition, ''of,'' is ''disability''; that it is modified by one of three alternative participle phrases, (1) ''caused by'' (organs not common to both sexes), or (2) ''contributed to'' (organs not common to both sexes), or (3) ''affecting organs not common to both sexes''; that the operative word is ''disability,'' which, in this case, the evidence shows was caused by a fibroid tumor. Hence neither phrases 1 nor 2 are relevent as modifying the prepositional object, ''disability,'' but, in this case, 3 is, as it affected the uterus. In other words, the operation was made necessary by the disability caused by the tumor on the uterus, an organ not common to both sexes.

To illustrate, a man thus insured might have a fi-

broid tumor on the prostrate gland, an organ not common to both sexes, thus causing him disability requiring operative surgery, and this clause of the policy would preclude his recovery under it.

This provision of the contract distinguishes it from contracts which exclude diseases that affect organs not common to both sexes. This being the contract the parties made, the plaintiff cannot recover and the judgment for her was error. It will be reversed and final judgment entered for the defendant.

*Judgment reversed.*

FESS, J., concurs.

CONN, J. I am of the opinion that the judgment of the trial court should be affirmed.

The policy of insurance issued to plaintiff was a health and accident policy at the monthly premium rate of $1.50. Subsequent to the issuance of the policy, two riders were attached thereto, to wit: Rider form 523-M1 providing for "additional hospital benefit" with increased premium of 50 cents per month, and rider form 533-M1-A, being a "medical and surgical expense supplement," in consideration of a premium of 75 cents per month. The last supplemental rider sets up a schedule of surgical operations and maximum amounts payable, including abdominal operations by "cutting into abdominal cavity for diagnosis or treatment of organs therein" and removal of tumors "by cutting operations."

It is expressly provided that these riders shall be subject to all the conditions and limitations of the policy. The pertinent provisions of the policy are found in part twelve, "Conditions not Covered."

The exclusion provision purports to relieve the defendant from the obligation to pay benefits "in the

event of death, disability, injury, or any other loss sustained" in relation to definitely stated and separately enumerated activities of the policyholder; also "venereal disease" and "disability caused by, contributed to, or affecting organs not common to both sexes * * *." It is on this latter provision that the defendant rests its claim of nonliability to plaintiff.

The term, "disability," when used in reference to a person in relation to his physical condition, and broadly stated, means a state or condition of being disabled or incapacitated. As outlined in part twelve, if the incapacity of the policyholder results directly from an injury received in any one of the excluded activities, or from venereal disease, no benefits shall be payable.

The word, "disability," as employed in the exclusion provision relied on by defendant may include the proximate result of disease as well as physical injury. Plaintiff's incapacity did not result from physical injury. Her disability was proximately caused by disease, to wit, a fibroid tumor, the immediate cause of "a condition in which bodily health is seriously attacked, deranged, or impaired."

The form of the exclusion provision relied on by defendant is obscure and ambiguous. This becomes apparent when read without abridgment. That is when read: Disability caused by organs not common to both sexes; disability contributed to by organs not common to both sexes; and disability affecting organs not common to both sexes. We have here an important exclusion grafted on plaintiff's policy in equivocal and ambiguous unintelligent language.

To clarify this provision and give it meaning, the court, as a matter of law, may read it in relation to the concept of "cause" of the disability. When so read, the meaning is manifest and clear that the basis for exclusion in the instant case (no physical injury being shown) is disability which results from a disease pe

culiar to the uterus, an organ not common to both sexes.

If plaintiff had sustained accidental bodily injuries not within those excluded in part twelve, resulting in temporary total disability by reason of harm to the abdominal region including the uterus, and resulting in disability to that organ and requiring an abdominal operation, could defendant escape liability under the exclusive clause in question? The answer to this question is apparent.

In the instant case, the fibroid tumor menaced plaintiff's general health and the normal functions of the body. This disability resulted from or was caused by a disease common to both sexes and not from a disability exclusively resulting from a disease of the uterus.

The attending physician testified that the objective signs of plaintiff's illness "were enlargement of her lower abdomen, excessive bleeding at menstrual time and between the periods, and anemia and discomfort in the lower abdomen"; that the cause of fibrous tumors is unknown and may originate from the outside or the inside of the organ involved; and that he removed the tumor by a surgical operation.

It appears to follow that a disease affecting the uterus, which is not peculiar to that organ and which may affect other organs of the body, both male and female, is not within the exclusion clause.

In general, the same rules of construction apply to the terms and provisions of an insurance policy as apply to other contracts. However, when exceptions or conditions are incorporated in a policy of insurance limiting liability and are drawn in uncertain or ambiguous terms "fairly susceptible of two or more different but sensible and reasonable constructions, the one will be adopted which, if consistent with the objects of the insurance, is most favorable to the in-

sured.'' 22 Ohio Jurisprudence, 340, Section 185; *Conaway* v. *Life Ins. Co. of Virginia,* 148 Ohio St., 598, 76 N. E. (2d), 284.

There is support for the conclusion we have reached in the case of *Stewart* v. *Hoosier Casualty Co.,* 67 Ohio App., 509, 37 N. E. (2d), 438, cited by plaintiff. We quote the syllabus:

''An ordinary health and accident insurance policy which provides that indemnity 'shall not be paid for disability due directly or indirectly to venereal disease or to any illness or diseased organs not common to both sexes,' furnishes coverage for disability resulting from a disease common to both sexes which attacks an organ not common to both sexes, and an insured disabled during the coverage period of such policy as a result of a fibroid tumor of the uterus is entitled to recover under the policy.''

See, also, *Mutual Benefit Health & Acc. Assn.* v. *Blaylock,* 163 Miss., 567, 143 So., 406, 87 A. L. R., 679, and cases cited in note on page 681.

Defendant undertakes to distinguish those authorities from the case at bar on the ground that the exclusion in those cases was confined to an illness or disease of the organ not common to both sexes in contrast with the exclusion clause in plaintiff's policy. This contention invites a field of application too narrow and confined in which to apply the generally recognized rules of construction in respect to exclusion provisions in insurance contracts. If it were the intention and purpose of defendant to incorporate in its policy an exclusion clause embracing injury or disease afflicting the uterus not limited to those disabilities which are peculiar to that organ, it could have easily employed language appropriate for such purpose and intention.