367 So.2d 922 (1979)
Mary WILLIAMS
v.
LIFE INSURANCE COMPANY OF GEORGIA.
No. 50852.
Supreme Court of Mississippi.
February 14, 1979.
*923 Zuccaro, Riley, Pintard & Brown, Edwin E. Kerstine, Natchez, for appellant.
Brandon, Handy & Blough, Jim C. Blough, Natchez, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
Mary Williams filed suit in the Circuit Court of Adams County against Life Insurance Company of Georgia seeking recovery of double indemnity benefits in the sum of twenty thousand dollars ($20,000). Life Insurance Company of Georgia interposed an affirmative defense claiming that the suit was barred by the three-year statute of limitations, the trial court sustained the affirmative defense and entered judgment for the defendant. Mary Williams appeals and assigns as errors the following:
(1) The insurance policy issued to Thomas C. Williams by the Life Insurance Company of Georgia is a group policy with provisions giving comprehensive coverage to the insured and as such this policy is specifically exempt from the three-year statute of limitations governing only accident and health insurance under Mississippi Code Annotated Section 83-9-1 et seq. (1972).
(2) The insurance policy issued to Thomas C. Williams by Life Insurance Company of Georgia is a group policy containing comprehensive coverage and is specifically exempted from Title 83, Chapter 9, Mississippi Code Annotated (1972) and its three-year statute of limitations by virtue of Section 83-9-17 and thus the court as a matter of law must apply the six-year statute of limitations under Mississippi Code Annotated Section 15-1-49 (1972).
On December 2, 1970, Thomas C. Williams, an employee of Southwest Fishing and Rental Tool, Inc., filed an application for insurance and Policy # 13902-1 was issued to him effective December 2, 1970, the same date as the application. On March 19, 1973, Mr. Williams died as a result of drinking ethyl alcohol and taking a barbituate which had been prescribed for another individual. Proof of loss was filed by appellant, beneficiary in said policy, and on June 28, 1973, Richard C. Livingston, Claims Supervisor of the Group Claims Department, Life Insurance Company of Georgia, forwarded to appellant, in care of her attorney, a check in the amount of twenty thousand dollars ($20,000) for death benefits under Part I of the policy, together with a release for execution by appellant. The release reserved for appellant her right to pursue the accidental death benefit claimed under the policy, and the release, on its face, showed that it came from the Group Claims Department, Life Insurance Company of Georgia.
*924 On July 6, 1977, four (4) years and three (3) months subsequent to accrual of the claim, appellant filed suit for the $20,000 accidental death coverage (double indemnity). All benefits provided in the policy are as follows:

 "SCHEDULE OF COVERAGE
Part I: Life Insurance, before Insured's 65th
 birthday .................................. $20,000.00
 amount on and after 65th birthday ......... $10,000.00
Part II: Accidental Death, Dismemberment and Loss
 of Sight, before Insured's 65th birthday
 Principal Sum of .......................... $20,000.00
 on and after 65th birthday Principal
 Sum of .................................... $10,000.00
Part III: Weekly Income Benefit ..................... $ Nil
Part IV: Maximum Daily Hospital Benefit ............ $36.00
 Cash Deductible ........................... $ Nil
Part V: Convalescent Nursing Home, Maximum Daily
 Benefit ................................... $18.00
Part VI: Surgical, Aggregate Limit ................. $500.00
Part VII: Diagnostic X-Ray and Laboratory Examination
 Expense, Aggregate Limit .................. $50.00
Part VIII: Emergency Accident, Maximum Benefit ....... $25.00
Part IX: Radiotherapy Expenses, Aggregate Limit .... $400.00
Part X: Major Medical Expense, Maximum Benefit .... $10,000.00
Are Dependents Covered ............................... ? No
Initial Premium ...................................... $27.66"

Appellee contends that Mississippi Code Annotated Section 83-9-5(k), which is a part of Chapter 9, Title 83, Accident and Health Insurance, Mississippi Code Annotated (1972), governs here. It states:
"(k) A provision as follows:
Legal actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty (60) days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three (3) years after the time written proof of loss is required to be furnished." (Emphasis added).
Appellant claims that Mississippi Code Annotated Section 83-9-17(3) exempts the present policy from application of the three-year statute of limitations and prevents application of said Section 83-9-5(k). The section sets forth:
"Nothing in sections 83-9-1 to 83-9-21 shall apply to or affect (1) any policy of workmen's compensation insurance or any policy of liability insurance with or without supplementary coverage therein; or (2) any policy or contract of reinsurance; or (3) any blanket or group policy of insurance; or (4) life insurance, endowment or annuity contracts, or contract supplemental thereto which contain only such provisions relating to accident and sickness insurance as (a) provide additional benefits in case of death or dismemberment or loss of sight by accident, or as (b) operate to safeguard such contracts against lapse, or to give a special surrender value or special benefit or an annuity in the event that the insured or annuitant shall become totally and permanently disabled, as defined by the contract or supplemental contract." (Emphasis added).
The threshold question to be determined is whether or not the policy issued to Mr. Williams is a group policy of insurance within the meaning of Section 83-9-17. Mr. C.D. Cothran, Jr., Assistant Vice President and Associate General Counsel with appellee, testified:
"Q. Is this agreement with the employers and the issuance of insurance thereunder ever done where there is just one employee?
A. No, sir.
Q. Do you have a rule as to the minimum number of employees?
A. Yes.
Q. What?
A. Three.
Q. Then it is a correct statement to say that before you have this agreement with an employer he must have at least three employees take out insurance with the company before Life of Georgia will go through with the deal?
A. Yes, sir."
The following facts relating to the policy are pertinent:
(1) The application for insurance designated that it was for benefits provided under the Employee Protection Package of *925 the employer listed below (Southwest Fishing and Rental Tool, Inc.).
(2) The termination clause in the policy provided that it would automatically terminate on the earliest of the dates "(a) at the end of any policy term (policy term equal to one month  page 1 of the policy) during which or at the end of which the insured's employment with the employer stated on the first page ... is terminated, ..."
(3) In the application for insurance the employee was required to execute the following: "I hereby request my employer to deduct from my earnings each month the amount, if any, required to cover my share of the premiums under the Employee Protection Package issued by Life Insurance Company of Georgia."
(4) A minimum of three (3) employees were required to join in the insurance plan before appellee would issue such type protection to the corporation. There was no limit to the number in excess of three who might join.
(5) The employee had the right to convert the plan to an individual plan.
(6) The plan was limited only to employees of the corporation.
(7) Employment termination ended coverage of the policy.
(8) The employee obtained a lower premium payment price.
(9) There was a sharing of premium payments between the employer and employee.
(10) Payment of the initial $20,000 was made from the Group Claims Department of appellee.
44 C.J.S. Insurance § 15, at 479 (1949) defines "group insurance" as coverage of a number of individuals by a single policy. In the present case, the policy itself was issued and delivered to the insured rather than a master policy to the employer with a certificate of insurance to the employee. Although the record does not indicate the number of employees insured under the employment package plan, the issuance and delivery of a complete, self-contained and personalized policy to each employee did not remove the policy from the group insurance class, and did not convert it to an individual plan. Contracts, and specifically insurance contracts, are construed most strongly against the party drafting same and most favorably to the policyholder. Mutual Benefit Health & Accident Ass'n v. Blaylock, 163 Miss. 567, 143 So. 406 (1932).
We hold that the policy in question is a group policy of insurance within the meaning of Section 83-9-17 and is exempt from the three-year statute of limitations provided in Section 83-9-5(k). We further hold that the six-year statute of limitations, Section 15-1-49, controls here. New York Life Insurance Co. v. Gill, 182 Miss. 815, 182 So. 109 (1938). Since the case must be reversed and remanded for trial on the merits, in view of this decision, it is not necessary to decide whether any of the other exceptions set forth in Section 83-9-17 apply to the policy.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
SMITH, P.J., took no part.