Betty and Stanley **ROSS**,
Plaintiffs–Appellants,

v.

**WESTERN FIDELITY INSURANCE COMPANY, Defendant–Appellee.**

No. 88–4465.

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1989.

---

Stephen L. Henning, Batesville, Miss., for plaintiffs-appellants.

John H. Dunbar, Robert H. Faulks, Oxford, Miss., for defendant-appellee.

## ON PETITION FOR REHEARING

Before GARZA, JOLLY and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

We grant the petition for rehearing. We agree that our opinion requires some clarification. We will try. In the process, we hope that we do not make trial on remand any more difficult than it necessarily will be in this hard-to-distill case.

We initially note that most of the issues of interpretation of the insurance

policy in this case come down to a blurred amalgam of fact and law that is best resolved after trial when a jury has resolved the factual issues to which the terms of the policy apply. We should therefore make clear that our opinion does not preclude the district court from submitting to the jury the questions whether the second preexisting condition clause or the sickness clause bar the plaintiff from recovering under the policy. We simply reversed the lower court's summary judgment in favor of Western Fidelity. In reviewing the summary judgment, we viewed the facts and made all inferences most favorably to the Rosses, and determined only that the Rosses had a reasonable factual argument that Jennifer's treatment in August was for a heart defect that had never before been treated and therefore was not a "pre-existing condition" under the second clause of the policy's definition of that term. We do not, however, preclude the jury from finding, as a factual matter, that congestive heart failure was a condition for which Jennifer received treatment after birth and again in August, and therefore was a preexisting condition. We clarify that this factual dispute, on the record before us, is a legitimate jury question.

We should also make clear that our case only applied the specific language of the preexisting condition clauses of *this* policy in determining that summary judgment was inappropriate. Our holding is not to be interpreted to say that diagnosis is always required in order for the underlying condition to be treated, but there is at least a reasonable argument that, under the language of the second clause of the definition of preexisting conditions, treatment *for a specific condition* cannot be received unless the specific condition is known. One who has been treated for chicken pox has not necessarily been treated for small pox. Although arguments can be made that favor the insurer's interpretation of the clause, the clause is, at best, ambiguous. "Contracts, and specifically insurance contracts, are construed most strongly against the party drafting same and most favorably to the policy holder." *Williams v. Life Ins. Co. of Georgia*, 367 So.2d 922, 925

(Miss.1979). Accordingly, we reject Western Fidelity's contention that there is no question that the Rosses claim is for a condition for which Jennifer previously received treatment.

■ With respect to Western Fidelity's counterclaim that the policy was rescindable for misrepresentation or mistake, our opinion made clear that this was a matter on which summary judgment was properly denied because material facts were in dispute. Our opinion does not preclude submitting to the jury all factual issues underlying this defense.

■ Finally, with respect to the fraud issue, the district court properly granted summary judgment to the insurer on the first theory concerning the policy's conflict with state law; it improperly granted summary judgment to the insurer under the second theory concerning misrepresentation. Our opinion viewed as a disputed issue of fact the question whether O'Connor's statements were promises as to future action, or whether they were misrepresentations of the company's underwriting procedures. This factual issue should be at least developed further. Ultimately it may possibly be submitted to the jury, subject, of course, to the district court's further consideration and rulings in the light of further developments. We also left for later consideration, after there has been further factual development, the question of reliance on O'Connor's representation. Indeed, there may come a time in the further progress of this case that the district court will think it appropriate to consider again the merits of the fraud claim. Specifically, our opinion does not preclude a grant of summary judgment or a motion for a directed verdict on the fraud claim under the second theory referred to in our opinion, if the district court ultimately concludes that the evidence will not support a verdict for fraudulent misrepresentation.

In short, we make clear that our opinion, with respect to all issues, does not intrude on the further handling of this case by the district judge in any way, unless it is spe-

cifically inconsistent with and contrary to the holdings of our opinion.

We conclude by noting that our opinion must be construed by the parties and subsequent readers in the light of what it is. It is a ruling on a particular dispute, applying particular language in a particular policy to case-specific facts, as, indeed, many insurance claim cases are.

In all other respects, the petition for rehearing is DENIED.