671 So.2d 7 (1996)
Judith RABALAIS
v.
LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY d/b/a Blue Cross and Blue Shield of Louisiana.
No. 95-CA-545.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1996.
J. Keith Hardie, Jr., New Orleans, for plaintiff/appellant.
Alanna S. Arnold, James K. Irvin, New Orleans, for defendant/appellee.
Before BOWES, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Judith Rabalais, appeals from a summary judgment in favor of defendant, Louisiana Health Service and Indemnity Company d/b/a/ Blue Cross and Blue Shield *8 of Louisiana (Blue Cross). For the reasons which follow, we reverse and remand.
Most of the facts are not in dispute. On August 5, 1992, plaintiff was seen at the emergency room of East Jefferson General Hospital with pain in the upper right quadrant of her abdomen. She was treated by Dr. Michael Federline and diagnosed as having a blocked biliary duct or gallstones, a condition known as cholelithiasis. She received treatment for gallstones, the pain stopped and she was released from the hospital.
On January 6, 1993, plaintiff applied for health insurance with Blue Cross which became effective on January 15, 1993. She did not disclose the August 5, 1992 incident on her application for health insurance. On March 30, 1993, she was again admitted to the hospital with abdominal pain. This time an abdominal ultrasound was performed and it was determined that her gallbladder was inflamed, a conditions known as cholecystitis. Immediate surgery was recommended and plaintiff's gallbladder was removed.
Plaintiff filed a claim with Blue Cross for the payment of her medical expenses for the gall bladder surgery of April 1, 1993. Blue Cross refused to pay, contending that the surgery was necessitated by a pre-existing condition which is excluded from coverage under the policy. Plaintiff filed suit. Blue Cross filed a motion for summary judgment and plaintiff filed a cross motion for summary judgment, both on the exclusion issue. The trial court, without reasons, granted the summary judgment motion filed by Blue Cross dismissing plaintiff's case and denied the motion filed by plaintiff. Plaintiff appeals.
On appeal, plaintiff argues that the trial court erred in finding that Blue Cross met its burden of proving that she was treated for the same condition in August of 1992 and in April of 1993. Plaintiff argues that the surgery, for which payment was sought, was necessitated by inflammation of the gall bladder or cholecystitis. She contends that she was treated earlier FOR gall stones or cholelithiasis, which did not require surgery and is different from cholecystitis. While plaintiff acknowledges that they are related conditions, she points out that the policy, as amended and effective January 1, 1993, did not exclude related conditions, only a pre-existing condition.
Blue Cross concedes that it did not and cannot legally exclude from coverage a condition that is merely related to a pre-existing condition. La.R.S. 22:215.12. However, Blue Cross argues that plaintiff's condition, necessitating treatment in August of 1992 and surgery in April 1993, was the same condition. Blue cross relies on the policy language in support of its argument, noting that a condition is defined in the policy in terms of symptoms. Thus, Blue Cross argues that because plaintiff suffered the same symptoms, abdominal pain, on both occasions the condition is the same in both instances and excluded from coverage. We disagree.
When reviewing a trial court's decision granting a motion for summary judgment, we must consider the evidence de novo, using the same criteria applied by the trial court to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Thus, we must make an independent determination of whether, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.C.Civ.P. art. 966(B).
In reviewing a motion for summary judgment, all evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Schroeder, supra. Additionally, all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in her favor. Schroeder, supra.
The issue before the court in this case is a matter of contract interpretation and application. A contract of insurance is law between the parties. La.C.C. art. 1983; Rosinia v. Bd. of Trustees, State Employees Group Benefits, 526 So.2d 467 (La.App. 1st Cir. 1988).
Applying these precepts to the case before us, we find that the trial court erred *9 in granting the motion for summary judgment filed by Blue Cross. The Blue Cross policy provides that "a condition is considered pre-existing if symptoms exhibit themselves; or any medical advice, diagnosis, care or treatment is received for that condition within 365 days immediately preceding the member's original effective date." (Emphasis added.) "Symptoms" is defined as "any change in a member's condition: that is indicative of some bodily or mental state (e.g., pain, shortness of breath, abnormal bleeding, or changes in body function); and that would prompt a prudent person to consider himself unwell and in need of medical attention."
On August 5, 1992, plaintiff sought medical attention because she was experience the symptoms of extreme abdominal pain. The condition that caused that pain was diagnosed as cholelithiasis or gall stones. The affidavit of Dr. David A. Weilbacher provided that cholelithiasis (gall stones) and cholecystitis (inflamed gall bladder) are related conditions but are different in that a person can have cholelithiasis (gall stones) for a long period of time and not have cholecystitis (inflamed gall bladder) and require surgery.
Furthermore, Dr. Michael Federline, the physician who treated plaintiff at the hospital on August 5, 1992, stated in his deposition that in his opinion plaintiff did not have acute cholecystitis on that night. He stated that plaintiff's symptoms did not indicate that a pelvic ultrasound, used to diagnose cholecystitis (inflamed gall bladder), was necessary. Plaintiff did not have an elevated temperature or peritoneal signs and her abdominal pain resolved after he administered an antispasmodic, the treatment for cholelithiasis (gall stones). While plaintiff's chart indicated that Dr. Federline recommended that a pelvic ultrasound be performed by plaintiff's regular physician as a follow-up, he stated that he could not remember for certain that he had so advised plaintiff. In any event, the pelvic ultrasound was never performed.
In taking the position that plaintiff's medical treatment was excluded from the policy, the burden is on the insurer to prove the exclusion. Landry v. Louisiana Hosp. Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984). The evidence required to meet this burden must be certain and decisive, leaving no room for speculation of assumption. Landry, supra. The insurer cannot meet its burden of proof by merely establishing that the illnesses were related. In order to avoid liability, the insurer is required to prove that the claimant was treated for the same condition in both instances. Dorsey v. Board of Trustees, 482 So.2d 735 (La.App. 3rd Cir.1985), writ denied, 486 So.2d 735 (La.1986). Under the wording in the Blue Cross policy, Blue Cross must prove that the symptoms which plaintiff exhibited were for the same condition in both instances. The record in this case, on motion for summary judgment, simply does not conclusively support such a finding.
We, therefore, conclude that the trial court erred in finding that Blue Cross was entitled to summary judgment on the exclusion issue by conclusively proving that plaintiff was treated in August of 1992 for the same condition that necessitated her surgery in April of 1993.
Accordingly, we reverse the summary judgment rendered in favor of Blue Cross and remand the case for further proceedings consistent with the views expressed herein.[1]
REVERSED AND REMANDED.
DUFRESNE, J., concurs. DUFRESNE, Judge, concurring.
I respectfully concur.
NOTES
[1] Plaintiff filed a cross motion for summary judgment arguing that coverage for her surgery is not excluded under the Blue Cross policy. Plaintiff's motion was denied. There is no right of appeal from the denial of a motion for summary judgment. Thus this issue is not before us in this appeal. Additionally, Blue Cross argues on appeal that plaintiff's coverage should be barred because she did not disclose the August 5, 1992 incident in her application for coverage. This matter was not presented to or ruled on by the district court and is not properly before us in this appeal either. Accordingly, our opinion herein does not speak to either of these issues.