**REVISED**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-31151
_____


BEVERLY SUSIE WYNN and LAWRENCE WYNN,

Plaintiffs-Appellants,

versus

WASHINGTON NATIONAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

September 9, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue is LA. REV. STAT. ANN. § 22:215.12, which, for hospital, health, or medical expense insurance policies issued after 1992, prohibits denial or limitation of "benefits for a covered individual for losses due to a pre-existing condition [that were] incurred more than twelve months following the effective date of the individual's coverage". Beverly and Lawrence Wynn appeal a summary judgment granted Washington National Insurance Company on the Wynns' claim that they were entitled to health insurance benefits for her back surgery. Washington National denied coverage on the basis of an exclusion in the Wynns' policy. We **AFFIRM**.

I.

In early February 1993, the Wynns signed an application for group major medical expenses coverage under a policy of insurance issued by Washington National to the Washington National Major Medical Trust.  With respect to Beverly Wynn, the Wynns answered "yes" to the following "Health Question" on the application:

> Within the past 5 years, has any person to be covered: (a) consulted, been examined or treated by any physician, chiropractor, psychologist, or other health care practitioner?
>
> ....
>
> (1) Was the exam, consultation or treatment prompted by complaints or symptoms?

Later in the application, the Wynns explained that Beverly Wynn had pulled a muscle in her back in September 1992.

Washington National determined that it could not underwrite the coverage as the Wynns requested, but could offer modified coverage for Beverly Wynn with a rider for disorders of the spine.  Coverage was conditioned on the Wynns' signing the following "Exception Endorsement":

> No benefits will be paid under this certificate of insurance, or under any rider or amendment thereto, for disability, loss or expense resulting from or caused by any injury to or disease or disorder of the spine or spinal region, fractures and cancer excepted, suffered by Beverly S. Wynn.

The Wynns signed the endorsement and received their insurance certificate in March 1993.

The policy also contained the following pre-existing conditions limitation:

> The Policy does not cover charges incurred by a Covered Person during the first 24 months after his or her coverage became effective, if those charges are incurred *because of a pre-existing condition that was not disclosed in the application* for his or her coverage. The Policy *does not cover any charges due to a condition that is excluded* by name or specific description even after that 24-month period.

(Emphasis added.)

Approximately two years after the certificate was issued, Beverly Wynn had treatment, including surgery, on a cervical disc, resulting in medical charges of almost $35,000. Washington National denied coverage pursuant to the exclusion endorsement.

The Wynns filed this action against Washington National in late 1995, claiming that they were entitled to benefits because the condition requiring Beverly Wynn's surgery was not a pre-existing condition. In the alternative, they claimed that, if the surgery was the result of such a condition, the earlier-referenced LA. REV. STAT. ANN. § 22:215.12 (West 1995 & Supp. 1997) prohibits Washington National from denying coverage for losses, due to a pre-existing condition, which are incurred more than 12 months after the effective date of coverage (March 1993). The Wynns also sought statutory penalties under LA. REV. STAT. ANN. § 22:657 (West 1995) for the denial of their claim for benefits without just and reasonable grounds.

Washington National removed the case on diversity grounds, and cross-motions for summary judgment were filed. The district court granted Washington National's motion, concluding that the endorsement and the pre-existing conditions limitation are

- 3 -

separate, unrelated provisions.  Consequently, the endorsement was not governed by (and did not run afoul of) § 22:215.12 and instead constituted an independent basis on which to exclude coverage.

## II.

We review a summary judgment *de novo*, applying the same standard as the district court.  *See, e.g., **Bodenheimer v. PPG Indus., Inc.**,* 5 F.3d 955, 956 (5th Cir. 1993).  Such judgment is appropriate where there is no material fact issue and the movant is entitled to judgment as a matter of law.  *Id.; see* FED. R. CIV. P. 56(c).  In making this determination, we are to draw all justifiable inferences in favor of the nonmovant.  *Id.*  Of course, because the district court had subject matter jurisdiction based on diversity of citizenship, Louisiana's substantive law applies.  *See **Erie R.R. Co. v. Tompkins**,* 304 U.S. 64 (1938).

## A.

Section 22:215.12 states in part:

> Any hospital, health, or medical expense insurance policy ... which is delivered or issued for delivery in [Louisiana] on or after January 1, 1993, shall not deny, exclude, or limit benefits for a covered individual for losses due to a preexisting condition incurred more than twelve months following the effective date of the individual's coverage....

According to the Wynns, this section prohibits Washington National from denying coverage for Beverly Wynn's surgery, which took place more than a year after issuance of the policy.

The Wynns concede "that the endorsement was added to the policy in order to write policies for the Wynns"; but, they

maintain, nevertheless, that there is a material fact issue as to whether the endorsement is simply a method of excluding coverage for a pre-existing condition. They point, *inter alia*, to the affidavit of Washington National's chief underwriter, which states, "The exclusion for Ms. Wynn was placed on the Certificate because of a back disorder."

Along this line, the Wynns assert that, if Washington National is able to write exclusion endorsements in this manner, it can then rely on such endorsements to exclude coverage for those pre-existing conditions that are disclosed on insurance applications (such as Beverly Wynn's prior back injury), and rely on the pre-existing conditions limitation in the policy to deny coverage for those conditions *not disclosed* on the policy, thereby circumventing the purpose behind § 22:215.12.

Washington National responds that it, as an insurance company, is free to limit its liability in any manner, absent a statute or public policy to the contrary. It maintains that the exception endorsement does not violate § 22:215.12 because coverage was not denied the Wynns on the basis of the pre-existing conditions limitation in the policy. According to Washington National, the section affects *only* such limitations and does not affect endorsements such as the one at issue. Also, it asserts that no record evidence supports the Wynns' suggestion that it will write similar endorsements every time an individual discloses a pre-existing condition on an application.

The section was enacted in 1992; there is little case law interpreting it. The only reported case that discusses the section is not on point. *See* **Rabalais v. Louisiana Health Serv. and Indem. Co.**, 671 So. 2d 7 (La. Ct. App. 1996).

An exception endorsement is qualitatively different from a pre-existing conditions limitation. As noted, an insurer in Louisiana is free to limit its liability "just as individuals may". **Sargent v. Louisiana Health Serv. & Indem. Co.**, 550 So. 2d 843, 845 (La. Ct. App. 1989); *see* **Perault v. Time Ins. Co.**, 633 So. 2d 263, 267 (La. Ct. App. 1993). Clear and unambiguous insurance contract provisions to that end are given effect. *Id.*

The exception endorsement clearly and unambiguously limited Washington National's liability for losses sustained by Beverly Wynn occurring from disorders of the spine. As the district court noted, nothing in the exception endorsement suggests that it is an extension of the policy's pre-existing conditions limitation. Rather, it is a separate and independent limitation on liability that the Wynns signed of their own accord as a condition to receiving insurance. Indeed, Washington National would have been entitled to refuse to insure the Wynns if they had not signed the exception endorsement. *See* **Sargent**, 550 So. 2d at 845.

The pre-existing conditions limitation operates separately and independently from the exception endorsement because it applies to conditions for which an endorsement has not been written and/or which were not disclosed on the application. That the limitation can operate independently of the endorsement is borne out by the

- 6 -

fact that, in their summary judgment papers, the Wynns contended that Beverly Wynn's back surgery was *not* due to a pre-existing condition. They submitted an affidavit from a neurosurgeon to that effect. Thus, the endorsement does not operate to deny coverage for pre-existing conditions; rather, as written, it excludes coverage for "any injury to or disease, or disorder of the spine or spinal region, fractures and cancer excepted", regardless of the source or when incurred.

In addition, as Washington National correctly observes, the Wynns have not produced any summary judgment evidence to support their claim that, in order to avoid the reach of § 22:215.12, Washington National consistently uses similar endorsements to exclude coverage for pre-existing conditions revealed on an application. Consequently, there is no genuine issue of fact as to whether the endorsement is an "extension" of the pre-existing conditions limitation. On this record, it is not.

## B.

Because we affirm the summary judgment on these grounds, we need not address whether the Wynns assigned their claims. Likewise, their claim for statutory penalties under § 22:657 is moot.

## III.

The judgment of the district court is

**AFFIRMED**.

- 7 -