**UNITED STATES COURT OF  APPEALS**

**FOR THE FIFTH CIRCUIT**

---

NO. 96-60547
Summary Calendar

---

CLEM NEADHAM PATTON, III

Plaintiff-Appellant,


BIEDENHARN BOTTLING GROUP

Intervenor-Plaintiff-Appellant,


VERSUS


SOUTHERN STATES TRANSPORTS, INC.

Defendant-Intervenor Defendant-Appellee,


TOMMY NASH

Defendant-Appellee

---

Appeal from the United States District Court
For the Southern District of Mississippi
(3:95-CV751BN)

---

January 20, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

**I.**

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

**FACTS & PROCEDURAL HISTORY**

Appellant, Clem "Jim" Patton, III, appeals from the dismissal with prejudice of his claim against Southern States Transports, Inc. (hereinafter "Southern") for ratification of the tortious acts of its agent, Tommy Nash, and for his negligent employment.

Viewing the evidence in the light most favorable to Appellant, as we must when reviewing a grant of summary judgment against the appellant, *Fields v. City of Houston, Texas*, 922 F.2d 1183, 1187 (5th Cir. 1991), it appears that Patton was assaulted by Nash without cause, while Patton was at work at the Coca-Cola Bottling Company in Jackson, Mississippi. Nash was on the bottling company's premises in his capacity as a driver for Southern.

Patton sued Nash in the Circuit Court for the First Judicial District of Hinds County, Mississippi. Thereafter, Biedenharn Bottling Group, owner of the Coca-Cola Bottling Company in Jackson, Mississippi, intervened as plaintiff, and Southern intervened as defendant. Southern then removed the action to the Federal District Court for the Southern District of Mississippi on the basis of diversity jurisdiction. Patton joined claims against Southern under the doctrine of respondeat superior, claiming that Southern had ratified Nash's conduct, and for negligent employment, claiming that Southern negligently failed to investigate Nash's criminal history, which purportedly revealed a propensity for violent behavior.

## II.

## LAW & ANALYSIS

### A.

### Standard of Review

This Court reviews a district court decision to grant summary judgment *de novo*, applying the same standard as the district court. *Wynn v. Washington National Insurance Company*, 122 F.3d 266, 268 (5th Cir. 1997), *citing Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

### B.

### Negligent Employment

The negligent employment claim was properly dismissed, because Nash's criminal record did not show a propensity for violent behavior. That criminal record was composed of only non-violent offenses and was the sole evidence upon which Patton's claim of negligent employment relied. Indeed the Washington Court of Appeals case relied upon by Patton, unlike this case, involved an employee whose criminal record revealed a charge of robbery, a violent crime. *See Carlsen v. Wackenhut Corp.*, 868 P.2d 882, 888 (1994)(employer was liable for negligent employment of rock concert usher who assaulted concert-goer, where employer should have known of usher's criminal history, which included charge of robbery).

While the presence of a violent crime in an employee's criminal history may support the contention that the employee had

a propensity for violence of which the employer should have been aware, the lack of any violent crime in the employee's criminal history makes the criminal history non-probative of the employee's alleged violent propensity.  Since the criminal history in this case lacked any violent criminal charge or conviction, and since it was the sole evidence relied upon to demonstrate a violent propensity, Patton's claim for negligent employment cannot be supported by the evidence in this case.

## C.

### Ratification

Under Mississippi law, ratification is "the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons is given affect as if originally authorized by him." *Gulf Refining Co. v. Travis*, 201 Miss. 336, 381, 30 So.2d 398, 399-400 (Miss. 1947), quoting 1 Restatement, Agency, Sec. 82.  The Mississippi Supreme Court explained that the law of ratification did not apply to the facts of *Gulf Refining,* because the employee "did not claim to be acting as the agent of any one" but rather acted "in his own name and of his own right." *Id*. at 400.  By this the court simply stated the obvious, i.e., the definition of ratification was not satisfied, because the employee's actions were not "done or professedly done on [the employers] account".  This realization comports with the understanding that ratification is

4

limited to cases where the employee objectively acted beyond the scope of his employment but acted on behalf of or in defense of the employee's perception of his master's interests. In such a case, though not bound to, the employer may ratify the employee's actions and thereby make them the employer's own.

In the present case, it is conceded that Nash acted outside the scope of his employment, and it appears beyond peradventure that he acted on his own behalf, for what interest of his employer could be served by his assault on Patton? Indeed, Patton does not argue that Nash assaulted him in defense of Southern's interests. Rather, Patton would have this Court conclude that an employer may ratify any unauthorized act of its employee, whether done on the employee's own behalf or that of the employer. Yet, this contention is inapposite the definition of ratification adopted by the Mississippi Supreme Court in *Gulf Refining*, which limits its application to actions "done or professedly done on [the employer's] account". 30 So.2d at 399-400. Given the limitation expressed in the First Restatement as adopted by the Mississippi Supreme Court in *Gulf Refining*, we must affirm the summary judgment against Patton on this point of error.

### III.

### CONCLUSION

Finding no error in the district court's grant of summary judgment in favor of Southern, we affirm.

AFFIRMED.