# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60753
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2019

Lyle W. Cayce
Clerk

MARCIA L. SMITH,

      Plaintiff - Appellee

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY; MUTUAL OF
OMAHA INSURANCE COMPANY,

      Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC. No. 3:17-CV-450

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:*

     Marcia L. Smith filed this action against United of Omaha Life Insurance Co. ("United") challenging their denial of her claim for long-term disability benefits under an employee benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Both parties filed cross-motions for summary judgment and the district court

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60753

rendered summary judgment in favor of Smith. For the reasons below, we AFFIRM.

## I.

Smith was hired by Arlington Properties, Inc. on February 6, 2016, as a property manager for a local apartment complex. As part of her employment, she was a beneficiary under an ERISA long-term disability plan which became effective March 1, 2016. Benefits under the plan are funded through a group policy issued by United, the plan administrator. The policy included the following exclusion for pre-existing conditions:

> We will not provide benefits for Disability:
>
> (a) caused by, contributed to by, or resulting from a Pre-existing Condition; and
>
> (b) which begins in the first 12 months after You are continuously insured under this Policy.
>
> A Pre-existing Condition means any Injury or Sickness for which You received medical treatment, advice or consultation, care or services including diagnostic measures, or had drugs or medicines prescribed or taken in the 3 months prior to the day You become insured under this Policy.

On June 1, 2016, three months after the effective date of her coverage, Smith was diagnosed with metastatic ovarian cancer. She had surgery on June 16, 2016, including an exploratory laparotomy and major tumor debulking, followed by chemotherapy. On June 30, 2016, Smith requested payment of short-term disability benefits, which was approved for a period of twenty-six weeks. However, her subsequent request for payment of long-term disability benefits was denied. By letter dated January 13, 2017, United advised Smith that long-term disability benefits were not payable because her "current disabling condition is considered a Pre-existing Condition and excluded under

2

the policy." Smith sought administrative review of the denial, and on March 14, 2017, United advised it was upholding the denial decision.

Thereafter, Smith filed the present action seeking judicial review of United's decision pursuant to 29 U.S.C. § 1132(a)(1)(B), which permits a plan beneficiary to bring a civil action "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." Both parties filed cross-motions for summary judgment and the district court concluded that United's denial of Smith's claim for long-term disability benefits was an abuse of discretion and rendered summary judgment in favor of Smith. United appealed.

## II.

We review a district court's grant of summary judgment de novo. *High v. E-Systems Inc.*, 459 F.3d 573, 576 (5th Cir. 2006) (citation omitted). Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "When, as here, the language of the plan grants discretion to an administrator to interpret the plan and determine eligibility for benefits, a court will reverse an administrator's decision only for abuse of discretion. *High*, 459 F.3d at 576 (citation omitted). "We reach a finding of abuse of discretion only where 'the plan administrator acted arbitrarily and capriciously.'" *Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 247 (5th Cir. 2009) (quoting *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 214 (5th Cir. 1999)). "A plan administrator's decision to deny benefits is arbitrary and capricious when it is made without a rational connection to the facts and evidence." *Smith v. Life Ins. Co. of N. Am.*, 459 F. App'x 480, 483 (5th Cir. 2012) (per curiam) (unpublished) (citation omitted).

No. 18-60753

III.

United acknowledges that Smith was not diagnosed with metastatic ovarian cancer until June 1, 2016, three months after the pre-existing condition exclusion period, or "look-back" period, had ended. It submits, however, that her claim was properly denied, as the medical records show that she received treatment during the look-back period for a recurrent right pleural effusion, which was a symptom of the ovarian cancer. Smith does not deny that the recurrent pleural effusion which she experienced, and for which she sought treatment during the look-back period, was caused by the cancer. She argues, though, that since the condition which has caused her disability is not pleural effusion but rather metastatic ovarian cancer, and since she did not receive medical treatment, advice or consultation, care or services including diagnostic measures, or have drugs or medicines prescribed or taken for metastatic ovarian cancer in the three months before she became insured under the policy, then her claim was wrongly denied.

We agree. The district court, in its detailed opinion, laid out the counterproductivity of adopting United's position by citing the reasoning in *Estate of Ermenc v. American Family Mutual Insurance Co.*, 585 N.W.2d 679, 682 (Wis. Ct. App. 1998):

> [T]he fact that [Plaintiff] had some symptoms which later proved consistent with cancer is insufficient to support a denial on preexistence grounds. [Plaintiff's] symptoms were also consistent with a variety of other ailments she did not ultimately suffer, such as the peptic ulcer her doctor suspected. To permit such backward-looking reinterpretation of symptoms to support claims denials would so greatly expand the definition of preexisting condition as to make that term meaningless: any prior symptom not inconsistent with the ultimate diagnosis would provide a basis for denial. Such an interpretation would render insurance contracts nonsensical.

4

No. 18-60753

Among the vast cases the district court cites, *Ross v. Western Fidelity Insurance Co.*, 872 F.2d 665 (5th Cir. 1989), *decision clarified on reh'g*, 881 F.2d 142 (5th Cir. 1989), remains our guidepost. In *Ross*, we rejected the insurance company's defense based on the pre-existing clause, reasoning that:

> [s]ince the heart defect was not diagnosed during [Plaintiff's] first week, the advice and treatment she received at that time could not have been *for that condition*; rather, pulmonary hypertension was the only condition diagnosed and treated at that time. Thus, the plain language of the clause leads to the conclusion that it does not exclude coverage of the heart defect.

*Id*. at 669 (emphasis in original).

Contrary to United's belief, *Ross* did not, nor are we, superimposing a requirement that there be a preliminary diagnosis of the disabling condition for it to be a pre-existing condition:

> Our holding is not to be interpreted to say that diagnosis is always required in order for the underlying condition to be treated, but there is at least a reasonable argument that . . . treatment for a specific condition cannot be received unless the specific condition is known. One who has been treated for chicken pox has not necessarily been treated for small pox.

881 F.2d at 144; *see also Bergeron v. ReliaStar Life Ins. Co.*, No. 13-6128, 2015 WL 225229, at *14 (E.D. La. Jan. 15, 2015) ("[F]or the purposes of what constitutes a pre-existing condition, it seems that a suspected condition without a confirmatory diagnosis is different from a misdiagnosis or an unsuspected condition manifesting non-specific symptom[s].") The Third Circuit agrees. In *McLeod v. Hartford Life & Accident Insurance Co.*, 372 F.3d 618, 628 (3d Cir. 2004), the court held that seeking medical care for a symptom of a pre-existing condition can serve as a basis for denying coverage when there is some "intent to treat or uncover the particular ailment which causes that symptom (even absent a timely diagnosis), rather than some nebulous or

unspecified medical problem." "The problem with using [an] ex post facto analysis is that a whole host of symptoms occurring before a 'correct' diagnosis is rendered, or even suspected, can presumably be tied to the condition once it has been diagnosed." *Id.* at 625. At the very least, the condition must have been reasonably suspected. *See Lawson v. Fortis Ins. Co.*, 301 F.3d 159, 165 (3d Cir. 2002) ("In short, it is hard to see how a doctor can provide treatment 'for' a condition without knowing what that condition is or that it even exists.")

Here, it is clear that Smith received "medical treatment, advice or consultation, care or services, including diagnostic services" for the pleural effusion during the look-back period.[1] But the condition that caused her disability was not pleural effusion; it was metastatic ovarian cancer. This is the condition for which she must have had treatment, care, or services to trigger the pre-existing condition exclusion. Although it is undisputed that Smith's pleural effusion was caused by the metastatic ovarian cancer, pleural effusion can be caused by any number of conditions,[2] her symptoms were non-specific to metastatic ovarian cancer,[3] and the medical records do not indicate that her medical providers believed the pleural effusion was likely caused by metastatic ovarian cancer. Thus, United could not reasonably have concluded that she received treatment "for" metastatic ovarian cancer during the look-back period. *Mitzel v. Anthem Life Ins. Co.*, 351 F. App'x 74, 84 (6th Cir. 2009)

---

[1] Smith received an X-ray, CT scan, and a diagnostic thoracentesis to extract the pleural fluid for further testing.

[2] In connection with its initial review of Smith's claim for long-term benefits, United referred Smith's medical records to Terri Cortese, R.N., for an internal medical review. Nurse Cortese advised that "[p]leural effusions can be seen associated with congestive heart failure, hypoalbuminemic states like cirrhosis, malignancy, infection such as pneumonia, and pulmonary embolism."

[3] Smith was initially treated for pneumonia as the cause of her pleural effusion.

No. 18-60753

(finding it "unreasonable" to deny a disability claim when the doctor during the look-back period "did not suspect, diagnose, or treat the specific disability for which she eventually applied for benefits."). United's conclusion to the contrary is arbitrary and capricious.[4]

IV.

The district court's judgment is AFFIRMED.

---

[4] United makes a secondary argument: The district court did not follow the three-pronged test under *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 638 (5th Cir. 1992), for determining whether despite the legally incorrect interpretation the administrator abused its discretion. Although encouraged, reviewing courts are not "rigidly confined" to the *Wildbur* test in every case. *See Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1307 n.3 (5th Cir. 1994) (relying on *Wildbur*'s notation that "[a]pplication of the abuse of discretion standard *may* involve [the] two-step process." (quoting *Wildbur*, 974 F.2d at 637) (emphasis added)). Moreover, the district court extensively discussed its reasoning for its abuse of discretion finding.